# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DIANA GILMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-00688-MDH |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for Social Security Disability Insurance benefits and supplemental security income (SSI) under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401-434 and 1381-1385. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. This Court has carefully reviewed the record before it. While the Court's review finds the ALJ's opinion is supported by substantial evidence on the record as a whole based on the record before the Court, there remains an issue with regard to the alleged missing medical records submitted to the Appeals Council by Plaintiff's new counsel after the ALJ hearing. As a result, for the reasons set forth herein, the Court remands this matter back to the Appeals Council for further review of the medical records Plaintiff's counsel alleges he submitted, but are not contained within the record before the Court.

## BACKGROUND

Plaintiff filed her application for disability insurance benefits on approximately August 5, 2009 alleging she became disabled beginning on September 20, 2007. Plaintiff's disability report states she has an alleged disability due to "fibromyalgia, not sure what else is wrong, have migraines, have neck damage." At the hearing, Plaintiff further testified she has been steadily losing weight, her bones hurt and she may have an ulcer. Plaintiff also testified she was going to see a doctor to have more tests done.

The medical expert testified regarding her alleged chronic daily headaches, COPD, fibromyalgia, degenerative disc disease of the spine, and also her addiction to prescription narcotics. The medical expert testified that Plaintiff's headaches, and possible migraines, have a component of overuse of caffeine and narcotics. He further testified that her COPD was not documented and a pulmonary function test was not a valid study due to sub-optimal effort. Further, her oxygen test was 100 percent. With regard to fibromyalgia, the doctor testified a standard tender point test was not reflected in the records. Her degenerative disc disease was age appropriate and finally, he found good evidence that Plaintiff was addicted to prescription narcotics.

The claim was initially denied on November 24, 2009. Plaintiff filed a request for an Administrative Law Judge hearing, and a hearing was held on August 29, 2011. On October 26, 2011, the ALJ issued a decision finding the Plaintiff was not disabled as defined by the Act. Plaintiff then filed a request for Review of the ALJ's decision before the Appeals Council, which was initially denied on February 22, 2013. After the ALJ hearing, Plaintiff retained new counsel to handle her appeal. Due to what appears to be an administrative error, subsequent letters after the request for review to the Appeals Counsel were sent to Plaintiff's former counsel. These

letters informed counsel (albeit at the time the wrong counsel) that all records could be viewed on the Electronic Records Express system "ERE," and therefore would not be sent to the attorney as requested. After inquiry from Plaintiff's current counsel regarding the lack of communication regarding the appeal, the Appeals Council ultimately corrected the administrative error. In a letter dated July 15, 2014, Plaintiff was granted an extension of time to file a civil action appealing the denial of benefits that became final for purposes of appeal when the Appeals Council initially denied review on February 22, 2013. However, Plaintiff's counsel argues he provided approximately 3 inches of medical records to the Appeals Council in paper form because he could not file them electronically through the system due to the administrative error. He argues those documents are not contained in the administrative record.

The ALJ's determination found that Plaintiff had severe impairments that included chronic mixed headaches and underweight for her height. The ALJ held that Plaintiff does not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) with occasional overhead reaching; no climbing of ladders, ropes or scaffolds; and a need to avoid concentrated exposure to hazards, extreme temperatures, humidity, gases, fumes, dust and other environmental irritants. The ALJ further found that based on Plaintiff's age, education, work experience and RFC that she could perform sedentary level work that exists in significant numbers in Missouri and nationally, such as a pharmaceutical processor; a dowel inspector; and a printed circuit board screener. Based on these findings, the ALJ found that the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act.

Plaintiff's current appeal raises the following issues: whether remand is appropriate for the consideration of additional evidence; whether the ALJ erred in evaluating Plaintiff's credibility; and whether the ALJ erred in the questions presented to the vocational expert.

## **DISCUSSION**

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007), citing, *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir.1999). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id.* "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Id.,* citing, *Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir. 2004); and *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a contrary outcome. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply because it would have decided the case differently. *Id.,* citing, *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006).

In order to qualify for benefits under the Social Security Act and the accompanying regulations, Plaintiff must establish she is disabled. *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010); citing, *Pate–Fires v. Astrue,* 564 F.3d 935, 942 (8th Cir.2009). "Disability is defined

4

as the inability 'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.'" *Id.*, quoting 42 U.S.C. § 1382c(a)(3)(A). To determine disability, the ALJ follows an established five-step process that considers whether: (1) the claimant was employed; (2) she was severely impaired; (3) her impairment was, or was comparable to, a listed impairment; (4) she could perform past relevant work; and if not, (5) whether she could perform any other kind of work. *Id.*, citing, 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a).

Plaintiff's first argument is that Plaintiff's new counsel was not afforded an opportunity to point out to the Appeals Council the alleged errors of the ALJ, including the administrative errors with regard to the notices being sent to prior counsel. While it is clear, the Appeals Council sent letters to the former attorney and not Plaintiff's current counsel, there is no evidence of error which requires this Court to reverse the decision of the Commission. Any error regarding notice of the Appeals Council's decision to deny review was remedied upon the extension of time for Plaintiff to appeal to this Court. Nothing regarding the miscommunication amounts to reversible error.

Plaintiff is also seeking remand so that the Appeals Council can review new evidence. Plaintiff's counsel argues that he submitted new medical records, approximately 3 inches thick, to the Appeals Council that do not appear anywhere in the file and were not returned to Plaintiff's new attorney. Plaintiff argues the medical records have "disappeared," and as a result were not considered by the Appeals Council.

The 8th Circuit has held that when subsequent evidence is submitted, the Court must determine whether the ALJ's decision "is supported by substantial evidence on the record as a

5

Case 4:14-cv-00688-MDH   Document 16   Filed 09/18/15   Page 5 of 7

whole, including the new evidence submitted after the determination was made." See *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994). The 8th Circuit has stated "this requires this court to decide how the ALJ would have weighed the new evidence had it existed at the initial hearing. As we have oft noted, 'this [is] a peculiar task for a reviewing court.' Critically, however, this court may not reverse the decision of the ALJ merely because substantial evidence may allow for a contrary decision." *Bergmann v. Apfel*, 207 F.3d 1065, 1068 (8th Cir. 2000), citing *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). The court must decide if the new evidence is material.

Unfortunately, in this circumstance, the Court cannot analyze whether Plaintiff has any new evidence which is material to the issue or whether there is good cause to establish whether there was a failure to incorporate any such evidence into the record. Because the alleged medical records are not included in the record before the Court, nor referenced in the Appeals Council's denial letter(s), the Court is without the ability to render a decision on this issue. While the Commissioner is correct that Plaintiff has the burden to establish that any alleged new evidence is sufficient to order remand, the absence of this alleged evidence from the record leaves the Court without any basis to render a ruling on the issue.

Therefore, the Court remands this matter to the Appeals Council under Sentence Six of 42 U.S.C. 405(g) for the sole purpose of clarifying whether Plaintiff did in fact submit additional evidence, and if so, for consideration of the additional evidence by the Appeals Council. This remand does not affirm, modify or reverse the Commissioner's decision denying benefits.

Because this Court finds that the issue regarding the alleged missing documents must be resolved before the Court can issue final judgment in this case, the Court reserves its rulings on the remaining issues raised by Plaintiff.

## CONCLUSION

For the reasons set forth herein, the Court **REMANDS** this matter to the Appeals Council under Sentence Six of 42 U.S.C. 405(g) for the sole purpose of determining the issue of additional evidence submitted by Plaintiff after the ALJ hearing.

**IT IS SO ORDERED.**

DATED: September 18, 2015

                                            */s/ Douglas Harpool* _____
                                            **DOUGLAS HARPOOL**
                                            **UNITED STATES DISTRICT JUDGE**